UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CASE NO. 05-80050-1

v.                                      PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

DARNELL CARTER,

        Defendant,
_____/

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS ELECTRONIC SURVEILLANCE

Defendant filed a Motion to Suppress the Electronic Surveillance Because of the Failure to Establish an Adequate Statutory "Necessity." More specifically, Defendant contends that DEA Special Agent Debra Lynch acted out of what he terms "investigative greed rather than need", further elaborating:

> Special Agent Lunch (sic) apparently failed to recognize that the legal obligation to attempt normal investigative procedures was a continuing one which did not end with either the original order or first extension.

Defendant Carter's Motion, P.2.

Subsequent to the hearing on this Motion, the Court received for examination the relevant Title III affidavits and orders, both redacted as provided to the Defendants, and unredacted, for the Court's in camera examination, to determine whether as Defendant contends:

1

> both the government and the district judges [Hon. Bernard Friedman and Hon. Arthur Tarnow] who issued the orders ignored the restrictive purpose embodied in the statute, 18 U.S.C. § 2518(1)©.

Defendant asserts:

> Agent Lynch and her fellow agents failed to make meaningful attempts to actually utilize alternative investigative techniques.[5]

---

[5]Of course, it was holiday season.

Defendant Carter's Memorandum in Support of Motion. Pp. 10-11.

The Government filed a detailed 23 page Response in Opposition to Defendants. Defendant thereafter filed a reply.

Specifically, the Court has been provided with two very thick looseleaf notebooks, the first containing the redacted wiretap applications and orders, and the second containing the unredacted wiretap applications and orders.

The Court has reviewed these matters.

Having reviewed these notebooks, and the affidavits in particular, the Court concludes that the Government has established the "necessity" for the original, and, thereafter, the continuing orders.

Specifically, in response to Defendant's claims, the Court concludes that the discussion of "necessity" beginning on page 37 of the December 23, 2004 Affidavit satisfies the necessary requirements, and supports the Court's decision to deny Defendant's motion.[*]

---

[*]The Court, having meticulously read the December 23, 2004 Affidavit in support of the wiretap authorization notes that on page 25, the Government misspells the name of this judicial district as "Easter" rather than "Eastern". Perhaps Defendant would add this holiday to his gratuitous footnote 5 on page 11 of his Memorandum, noted *supra*.

Accordingly the Court denies Defendant's Motion to Suppress the Electronic Surveillance.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 10, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 10, 2005.

s/Jonie Parker
Case Manager